NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3219

MURIEL A. BRANTLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Muriel A. Brantley, of Lithonia, Georgia, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3219

MURIEL A. BRANTLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070654-I-1.

_____

DECIDED: October 10, 2008

_____

Before NEWMAN and LOURIE, <u>Circuit Judges</u>, and ALSUP, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Muriel A. Brantley appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming her removal as Management and Program Analyst at the Internal Revenue Service ("IRS"). <u>Brantley v. Dept. of Treasury</u>, AT-0752-07-0654-I-1 (M.S.P.B. September 4, 2007). Because Brantley has not demonstrated that the Board lacked substantial evidence or otherwise committed legal error in its decision, we <u>affirm</u>.

---

[*] Honorable William Alsup, District Judge, United States District Court for the Northern District of California, sitting by designation.

BACKGROUND

Brantley worked for the IRS until September 16, 2006. On April 11, 2005, she took nine hours of leave under the Family and Medical Leave Act of 1993 ("FMLA"). She was then absent from work between February 1 and July 28, 2006. During this absence, on March 31, 2006, Brantley requested leave under the FMLA, "up to [her] yearly entitlement," for the period from February 1 to September 30, 2006. On April 27, 2006, the IRS approved her request for the entire period, retroactive to February 1, 2006, after receiving a medical statement from the Federal Occupational Health Doctor, which stated that "[m]edical leave until June 6, 2006 is consistent with the employee's current[] medical condition."

Also on April 27, 2006, Brantley's team manager, Larry Franz, mailed her a letter stating that she had exhausted her FMLA leave as of the day before, and she could be given leave without pay or found absent without leave ("AWOL") thereafter, leading to potential disciplinary action. Beginning on April 27, 2006, the IRS gave Brantley leave without pay and ended her FMLA leave. On June 6, 2006, the IRS found her AWOL when she failed to return to work or produce further medical evidence to support her absence. Brantley left three messages with Franz between June 6 and June 15, 2006, and in two of them, she stated that she would send him medical documentation for her absence after June 6, 2006. But she never sent him medical documentation. From June 9 to July 28, 2006, the IRS sent Brantley weekly letters charging her with being AWOL because she had "failed to provide appropriate medical documentation to substantiate her absence." On August 7, 2006 the IRS issued a notice of proposed

removal, finding her AWOL from June 6 to July 28, 2006 and charging her with failure to follow leave procedures. The IRS removed her, effective September 16, 2006.

Brantley appealed her removal to the Board. To determine the amount of FMLA leave to which Brantley was entitled, the administrative judge ("AJ") relied on 5 C.F.R. § 630.1203(a), which states that "[a]n employee shall be entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period . . . ." Id; see also 5 U.S.C. § 6382 (2006). The AJ determined that the regulation prevented Brantley from taking more than 12 weeks of FMLA leave in any given 12-month period. The AJ thus found that Brantley had exhausted her FMLA leave as of April 26, 2006 and was not entitled to additional FMLA leave until January 31, 2006.

The AJ then found that the IRS properly removed Brantley because (1) she failed to follow leave procedures in requesting leave, (2) there was a nexus between Brantley's misconduct and the IRS's efficiency, and (3) her removal was reasonable. Finally, the AJ found that Brantley had not proven the affirmative defense of retaliation because she had not shown a genuine nexus between alleged retaliation for a previous claim and her removal from the IRS.

The Board denied Brantley's petition for review. Without relying on the AJ's findings that Brantley had exhausted her FMLA leave, the Board found, citing 5 C.F.R. § 630.1207(b), that Brantley had failed to submit medical certification, required under the FMLA, supporting her absence between June 6 and July 28, 2006. Thus, the AJ's initial decision became final, but based on the failure to submit the medical certification.

Brantley timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

In taking leave-related disciplinary action, the IRS had the burden of proving that it properly denied an eligible employee leave under the FMLA. Burge v. Dep't of the Air Force, 82 M.S.P.R. 75, 84 (M.S.P.B. 1999), aff'd, 7 Fed. Appx. 931 (Fed. Cir. 2001). The regulation implementing the FMLA states that:

> (a) An employee shall be entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period . . . .
> . . .
> (c) The 12-month period referred to in paragraph (a) of this section begins on the date an employee first takes leave . . . and continues for 12 months. An employee is not entitled to 12 additional workweeks of leave until the previous 12-month period ends and an event or situation occurs that entitles the employee to another period of family or medical leave. (This may include a continuation of a previous situation or circumstance.)

5 C.F.R. § 630.1203 (2008); see also 5 U.S.C. § 6382. The implementing regulation also states that an "agency may require that a request for leave . . . be supported by written medical certification issued by the health care provider . . . . An agency may waive the requirement for an initial medical certificate in a subsequent period if the leave . . . is for the same chronic or continuing condition." 5 C.F.R. § 630.1207(a) (2008); see also 5 U.S.C. § 6383 (2006).

2008-3219

On appeal, Brantley argues that the AJ misapplied the law by limiting her to 12 weeks of leave in any given 12-month period. Instead, she argues, her nine hours of FMLA leave on April 11, 2005 marked the beginning of a first 12-month period, which ended on April 10, 2006. A second 12-month period then began on April 11, 2006, and she was entitled to an additional 12 weeks of leave under the FMLA. Brantley also argues that her approved application for FMLA leave for the period from February 1 to September 30, 2006 shows that the entire period of leave was supported by an appropriate medical certification. Finally, Brantley repeats her argument that she properly followed leave procedures and that the IRS retaliated against her.

The government argues that Brantley is limited to 12 weeks of leave in any given 12-month period and that Brantley's failure to submit medical documentation after June 6, 2006 prevented her from any entitlement to FMLA leave. The government also points out that there is no record evidence that Brantley first took FMLA leave in April 2005, only that she took FMLA leave in April 2005.[1] Finally, the government argues that removal was reasonable given the nature and seriousness of the offenses, their disruptive impact, and a prior demotion.

We agree with the government that Brantley was not entitled to FMLA leave between June 6 and July 28, 2006. Like the Board, we do not rely on the AJ's findings that Brantley had exhausted her FMLA leave as of April 26, 2006. In fact, under 5 C.F.R. § 630.1203(c), the 12-month period must begin on the date Brantley first took leave, which Brantley asserts is April 11, 2005. Another 12-month period would then

---

[1] The government also asserts that the record lacks evidence of Brantley's approved FMLA application, but this assertion lacks merit, as the record contains her approved application.

2008-3219

have begun on April 11, 2006, and Brantley would have been entitled to another 12 weeks of FMLA leave any time in that 12-month period. Id. Instead of finding that Brantley was not entitled to another leave period until January 31, 2007, the AJ should have determined that Brantley was entitled to another 12 weeks of annual FMLA leave beginning on April 11, 2006.

However, that error was harmless here because substantial evidence shows that Brantley failed to submit the medical certification required by the IRS under FMLA regulations supporting the need for her absence between June 6 and July 28, 2006. Although Brantley points to her approved application for FMLA leave as evidence that her "request for leave . . . [was] supported by written medical certification," 5 C.F.R. § 630.1207(a), the government points out that the supporting medical certification stated only that Brantley would be able to return to work by June 6, 2006. Indeed, the IRS repeatedly requested further medical certification after June 6, 2006, exercising its right under 5 C.F.R. § 630.1207(a) to require it, and Brantley indicated that she would provide it. After June 6, 2006, Brantley failed to provide any medical certification, so she was not entitled to FMLA leave for that period.

Moreover, we agree with the government that the IRS properly took adverse action. The AJ applied the proper analysis for reviewing an agency's removal action. The agency must show that (1) the charged conduct occurred, (2) there is a nexus between the misconduct and the efficiency of the service, and (3) removal is a reasonable penalty. James v. Dale, 355 F.3d 1375, 1378 (Fed. Cir. 2004). Substantial evidence shows that Brantley knew of the leave procedures and failed to follow them. The weekly notices from Franz that she was AWOL were sufficient to place her on

2008-3219

-6-

notice that she was not complying with the IRS's leave procedures. Brantley's prolonged and indefinite absence affected the IRS's efficiency, and the IRS reasonably removed her based on her repeated failure to return to work after promising to return. We also disagree with Brantley on her retaliation claim for the reasons stated by the AJ.

Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs</u>.